CLAY, Circuit Judge,
dissenting.
Totman has raised a genuine issue of material fact concerning whether Officer Hornback subjected Totman to excessive force in the booking area of Metro, but he has not raised a genuine issue of material fact concerning whether Metro was negligent in its decision to retain Officer Horn-back. I would therefore vacate the district court’s grant of summary judgment as to Officer Hornback and remand the case to the district court.
While going through the booking process at Metro, Totman was involved in a physical altercation with several corrections officers. Given the timing of the altercation, Totman’s claims implicate the Fourth Amendment. See Aldini v. Johnson, 609 F.3d 858, 860 (6th Cir.2010). The majority concludes that Totman’s claims would fail under even the more protective Fourth Amendment standard required by Aldini. However, I would find that there are disputed issues of material fact.
The facts and evidence indicating that Totman’s claim against Officer Hornback should be permitted to proceed are as follows: Totman admitted that he spoke to his girlfriend during the booking process and responded to Officer Stachoulas’ order not to speak to his girlfriend by saying “Is it my fault you can’t get a date?” (Dist. Ct. R.E. 39 Ex. 7 at 12). According to Totman, he turned to walk away, and Officers Stachoulas and Hornback physically attacked him. The officers claim that Tot-man was kicking, punching, and physically resisting. However, even the officers admit that they took Totman to the ground, put him in a vascular restraint hold, handcuffed him, and sprayed his eyes with pep *467 per spray. Totman has alleged in a verified complaint that he “sustained a rib fracture and ligament damage in both arms as a result of the beating perpetrated by Officer Hornback and the other officers [and that he] is currently scheduled to have surgery performed on both arms as a direct result of this assault.”[1] (Am. ComplV 8).
The officers, including Officer Hornback, were allowed to use a reasonable amount of force to compel Totman to comply with the booking process. However, Totman’s allegations in his complaint that he suffered extensive injuries and his contention during his deposition that he only verbally resisted the officers prior to their tackling him to the floor create questions as to whether the amount of force the officers used in response to Totman’s admittedly snide comment was excessive.[2] Because this Court must credit Totman’s allegations on this appeal, there are disputed questions of material fact as to whether the officers used excessive force under the circumstances.
Furthermore, Totman has presented sufficient allegations that Officer Horn-back was personally involved in the alleged constitutional violations to sustain a claim against Officer Hornback. Totman specifically identified Officers Stachoulas and Hornback as the first two officers who attacked him, and they “[took] my arms and pretty much pile-[drove] me head first in the concrete.” (R.E. 39 Ex. 7 at 15). In addition, Totman’s deposition testimony makes clear that, after Officer Hornback took Totman to the ground, Officer Horn-back was one of the officers who continued to attack him while he was on the ground.
Contrary to the majority’s characterization of the issue, the dispositive inquiry is not constrained to the question of whether Totman could identify Officer Hornback as the officer who kicked him or drove a knee into his back after Totman was taken to the ground. Considering that Totman was face down and three or four officers were on top of him and inflicting physical injury upon him at the same time, it would have been impossible for Totman to identify with specificity which officers engaged in which part of the beating. However, Tot-man has alleged that Officer Hornback was one of the officers beating him, and Officer Hornback had the motive to punish Totman for his alleged lack of cooperation in response to the police officers’ commands. Thus, Totman has presented evidence sufficient to survive summary judgment suggesting that Officer Hornback’s actions caused, at least in part, the extensive injuries that Totman suffered. In *468 view of all of the circumstances, Totman’s allegations provide adequate circumstantial evidence that Officer Hornback is one of the likely perpetrators of the alleged constitutional violations.
Because the disputed material facts and relevant circumstantial evidence are sufficient to permit Totman’s claim against Officer Hornback to be presented to the trier of fact, I respectfully dissent.

. The majority argues that the allegations in the verified complaint do not meet the eviden-tiary standard set forth in Federal Rule of Civil Procedure 56(e)(1) because they extend beyond Totman’s personal knowledge to matters within Totman’s belief. However, the allegations concerning the extent of Totman’s injuries, as well as the allegations that Officer Hornback was one of the two officers who grabbed Totman and threw him to the ground, are clearly matters within Totman’s personal knowledge. Thus, at least on these issues, the verified complaint "carries the same weight as would an affidavit for purposes of summary judgment.” See El Bey v. Roop, 530 F.3d 407, 414 (6th Cir.2008).

. The majority contends that Totman makes no allegation that he only verbally resisted the officers prior to their tackling him. However, while Totman does not say the exact words "I only verbally resisted,” his description of what transpired in the moments before the altercation clearly describe only verbal resistance. According to Totman: "[Officer Stav-ros] tells me, 'If you talk to your girlfriend again, I’m going to put you both in the hole; it don’t matter to me.’ And I said, ‘Is it my fault you can’t get a date?’ And I turned to walk away. And that's when him and Horn-back attacked me.” (Dist. Ct. R.E. 39 Ex. 7 at 12).